

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
~~NORTHERN~~ DIVISION
WESTERN

PERMANENT GENERAL ASSURANCE
CORPORATION                                                PLAINTIFF

VERSUS                                          CAUSE NO. 5:22cv25-DCB-LGI

BRANDON L. BUTLER; AND FERRIDAY
AUTO VENTURES, LLC d/b/a LAKESIDE FORD                DEFENDANTS

## COMPLAINT FOR DECLARATORY JUDGMENT

**COMES NOW** the Plaintiff, Permanent General Assurance Corporation, and files this action for a declaratory judgment pursuant to 28 U.S.C. § 2201 and 2202, for the purpose of determining a question of actual controversy as to the relative rights, liabilities, and obligations, if any, of Permanent General Assurance Corporation and Defendants, Brandon L. Butler and Ferriday Auto Ventures, LLC d/b/a Lakeside Ford, under a purported automobile insurance policy issued by Permanent General Assurance Corporation to Brandon L. Butler as more fully described herein.

### PARTIES

1.      Plaintiff, Permanent General Assurance Corporation ("PGAC"), is a wholly owned subsidiary of Permanent General Companies, Inc., a Tennessee corporation. PGAC's principal place of business is located at 2636 Elm Hill Pike, Suite 510, Nashville, Tennessee 37214.

2.      Defendant, Brandon L. Butler, is an adult resident citizen of the state of Mississippi who may be served with process at 314 Arlington Ave., Natchez, Mississippi 39120, or wherever he may be found.

1

3. Defendant, Ferriday Auto Ventures, LLC d/b/a Lakeside Ford, is a foreign limited liability company that may be served with process via its registered agent, Brett Oubre, 6074 Highway 84, Ferriday, Louisiana 71334, or wherever he may be found.

## JURISDICTION AND VENUE

4. Jurisdiction is proper because PGAC is bringing this case pursuant to the federal Declaratory Judgment Act, 28 U.S.C. § 2201 and 2202.

5. Alternatively, jurisdiction is proper pursuant to 28 U.S.C. § 1332 based on the diversity of citizenship between the parties and based on PGAC's good faith belief that the total amount in controversy exceeds $75,000, exclusive of interest and costs.

6. The citizenship of a corporation is based upon the state where it is incorporated and the state where it maintains its principal place of business. PGAC is a wholly-owned subsidiary of Permanent General Companies, Inc., which was incorporated in Tennessee. Additionally, the principal place of business for both PGAC and its parent is located in Nashville, Tennessee. Therefore, PGAC is not a citizen of Mississippi.

7. Brandon L. Butler is an adult resident citizen of the state of Mississippi.

8. Ferriday Auto Ventures, LLC d/b/a Lakeside Ford is a Louisiana limited liability company. The citizenship of a limited liability company is based upon the citizenship of each of its members. Upon information and belief, all of the members of Ferriday Auto Ventures, LLC d/b/a Lakeside Ford are citizens of the state of Louisiana and/or states other than Mississippi. Therefore, Ferriday Auto Ventures, LLC d/b/a Lakeside Ford is not a citizen of Mississippi.

9. There is, therefore, complete diversity of citizenship between all of the parties and based on PGAC's good faith belief that the total amount in controversy exceeds $75,000, exclusive

of interest and costs, which is more fully described herein, this Court has diversity of citizenship jurisdiction pursuant 28 U.S.C. § 1332.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this case occurred in this district, and the only non-alien defendant resides in this district.

## FACTS

11. On or about November 6, 2020, Brandon L. Butler ("Butler") purchased a 2019 Ford Fiesta from Ferriday Auto Ventures, LLC d/b/a Lakeside Ford ("Lakeside Ford"). Upon information and belief, Lakeside Ford required proof that the vehicle, purchased through a financing arrangement, was covered by a policy of insurance prior to allowing Butler to remove it from the Lakeside Ford lot.

12. On November 6, 2020, Butler made application to PGAC for a Mississippi Auto Policy to provide coverage for the 2019 Ford Fiesta that he was purchasing from Lakeside Ford. In making the application, Butler requested the policy provide coverage amounts of $25,000 in liability coverage for bodily injury or death per person, $50,000 for total bodily injury or death per accident, and $25,000 for property damage per accident, and that the policy cover a period of 12 months beginning on November 6, 2020 through November 6, 2021. A copy of this application is attached hereto as **Exhibit "A"** and incorporated herein by reference.

13. The express terms of the application for the Mississippi Auto Policy that Butler sought to secure from PGAC required him to make a valid initial down-payment of $538.30 as a condition precedent to his being afforded any coverage under any insurance policy issued by PGAC. The application, which was completed and electronically signed by Butler, provided in pertinent part as follows:

3

> I hereby apply for a policy of insurance as set forth on this application on the basis of the information I have provided in this application. I have read this application in its entirety and represent that the statements and answers on this application are true and complete. . . . I agree that no coverage will be bound if my initial payment presented to [PGAC] is not honored in full by the bank upon which it is drawn.

Exh. "A", p. 7.

14. On November 6, 2020, a payment to PGAC of $583.30 was charged to a credit card issued by Bank of America (Cardholder Number 517572XXXXXX6556). A copy of the receipt for said charge is attached hereto as **Exhibit "B"** and incorporated herein by reference.

15. As a result, PGAC issued Mississippi Auto Policy, Policy No. MS5304880 ("The Policy") to Butler, covering the 2019 Ford Fiesta that Butler purchased from Lakeside Ford on November 6, 2020. A copy of The Policy is attached hereto as **Exhibit "C"**, and is incorporated herein by reference.

16. On November 6, 2020, at the request of Butler, PGAC transmitted an insurance binder to Lakeside Ford in relation to The Policy. A copy of this insurance binder is attached hereto as **Exhibit "D"**, and is incorporated herein by reference. This insurance binder expressly states that it is subject to the terms, conditions, and limitations of The Policy.

17. On or about November 7, 2020, Butler was involved in a motor vehicle accident while driving the 2019 Ford Fiesta down Interstate 20 in Scott County, Mississippi. According to the Mississippi Uniform Crash Report for the subject accident, which is attached hereto as **Exhibit "E"** and incorporated herein by reference, Butler was driving eastbound on Interstate 20 with two adult male passengers in the 2019 Ford Fiesta when the vehicle left the roadway and collided with an embankment, overturned and came to a rest on its top facing the opposite direction. As a result of the accident, the 2019 Ford Fiesta was deemed a total loss. The extent of any bodily injuries

suffered by the two (2) passengers and the extent of any additional property damages caused by the aforementioned accident remain unknown and uncertain at this time.

18. On or about November 18, 2020, Butler purchased a 2019 Ford Fusion Hybrid from Lakeside Ford, which he requested be added as a covered vehicle under The Policy.

19. On November 18, 2020, at the request of Butler, PGAC transmitted another insurance binder to Lakeside Ford, showing coverage for the 2019 Ford Fusion Hybrid under The Policy. A copy of this insurance binder is attached hereto as **Exhibit "F"** and a copy of The Policy as updated and detailing the coverage for the 2019 Ford Fusion Hybrid is attached as **Exhibit "G"**, both of which are incorporated herein by reference. This insurance binder expressly states that it is subject to the terms, conditions, and limitations of The Policy.

20. On December 7, 2020, Butler was involved in a motor vehicle accident while driving the 2019 Ford Fusion Hybrid down Brookhollow Esplanade in Harahan, Louisiana. According to the Louisiana Uniform Motor Vehicle Traffic Crash Report, a copy of which is attached hereto as **Exhibit "H"** and incorporated herein by reference, Butler told the Jefferson Parish Sheriff's Deputy investigating the accident that he had been robbed in the city of New Orleans and had been chased by the suspects into Jefferson Parish. While attempting to flee or evade the suspects, Butler stated that he lost control of the 2019 Ford Fusion Hybrid and struck a pole, owned by Foodstar Enterprises, that ran parallel to the curb along Brookhollow Esplanade. As a result of the accident, the 2019 Ford Fusion Hybrid was deemed a total loss. The extent of any additional property damages caused by the aforementioned accident remains unknown and uncertain at this time.

21. On or about February 9, 2021, Butler, or another authorized user of the Bank of America credit card on which the initial down-payment for The Policy had been drawn, initiated

a chargeback of the $583.30 initial down payment by asserting to Bank of America that the charge was fraudulent, that the credit card used to make such initial down-payment was lost, stolen or never received, and that no authorized user was present at the time that the payment transaction was initiated on November 6, 2020. PGAC received notice of the chargeback initiated by Bank of America by letter dated February 9, 2021, which is attached hereto as **Exhibit "I"** and incorporated herein by reference.

22. On February 10, 2021, the $583.30 initial down payment was debited from PGAC's bank account pursuant to the Bank of America chargeback. A copy of the debit report for PGAC's bank account on February 10, 2021, showing the $583.30 debit transaction is attached hereto as **Exhibit "J"** and incorporated herein by reference.

23. With regard to the failure to pay the initial down-payment required to effect coverage, the terms of The Policy provide in pertinent part as follows:

> Our contract with you is conditioned on our receipt of the full initial down-payment of premium. We have the right to void this policy from its inception, and may do so, if there is any failure to pay premium of the initial down-payment or any portion thereof.

Exh. "C", p. 25. Furthermore, the policy provided that if the contract of insurance is voided for non-payment of the initial down-payment, "[i]t is as if the contract was never formed and this policy was never issued," and "[t]here is no coverage for any accident or loss." *See* Exh. "C", p. 25.

24. Pursuant to the express terms of The Policy, the chargeback initiated by Bank of America and subsequent debit from PGAC's bank account of the $583.30 initial down-payment, caused The Policy issued to Butler to be canceled from its inception on November 6, 2020.

25. In compliance with the terms of The Policy, as set forth above, PGAC mailed notice of cancellation from inception of the Policy to Butler on or about February 11, 2021, a copy

6

of which is attached hereto as **Exhibit "K"** and incorporated herein by reference. At no point thereafter did Butler make payment necessary to secure coverage or request reinstatement of The Policy.

26. On or about June 3, 2021, Lakeside Ford sent correspondence through its counsel to PGAC demanding payment for the value of the 2019 Ford Fiesta and 2019 Ford Fusion Hybrid purchased by Butler that had been declared total losses after the accidents on November 7, 2020 and December 7, 2020. Copies of these letters are attached hereto as **Exhibit "L"** and **Exhibit "M"**, respectively, and are incorporated herein by reference.

27. On or about June 8, 2021, PGAC responded to Lakeside Ford's demand letters by informing it that no coverage existed in favor of Butler due to the fact that Butler's initial payment to secure The Policy did not have sufficient funds and thus, there was no policy in effect with PGAC covering either the 2019 Ford Fiesta or 2019 Ford Fusion Hybrid. Copies of these letters are collectively attached hereto as **Exhibit "N"** and incorporated herein by reference.

28. On or about July 6, 2021, Lakeside Ford filed a Petition for Damages in the 7th Judicial District Court for the Parish of Concordia, Louisiana, seeking monetary recovery from PGAC as lienholder on the 2019 Ford Fiesta and 2019 Ford Fusion Hybrid that had been purchased by Butler. In its Petition, Lakeside Ford alleged that Butler was insured by PGAC and that a policy of insurance covering the two vehicles purchased by Butler was valid and currently in effect. A copy of Lakeside Ford's Petition is attached hereto as **Exhibit "O"** and incorporated herein by reference.

### COUNT I – DECLARATORY JUDGMENT
### (LAKESIDE FORD)

29. The above and foregoing allegations are reasserted and re-alleged as though fully set forth herein.

30. An actual controversy has arisen between PGAC and Lakeside Ford regarding their respective rights and obligations under The Policy and whether The Policy was ever in effect and/or provides coverage for any injuries or damages sustained by any party as a result of the accidents on November 7, 2020, and December 7, 2020.

31. Lakeside Ford claims it is entitled to payment as a loss payee for the total losses of the vehicles purchased by Butler pursuant to The Policy. Specifically, Lakeside Ford claims it is entitled to payment in the amount of $11,516.15 for the total loss of the 2019 Ford Fiesta and $15,593.75 for the total loss of 2019 Ford Fusion Hybrid.

32. PGAC believes that it has no obligation to pay Lakeside Ford these amounts due to the fact that The Policy was properly canceled from its inception on November 6, 2020, as a result of Butler's failure to make the initial down-payment required by the express terms of The Policy to secure coverage.

33. PGAC has informed Lakeside Ford that PGAC does not believe it has any obligation under The Policy with respect to the above-referenced payments for the value of said vehicles, but Lakeside Ford has nevertheless indicated its intent to seek payment of those costs from PGAC.

34. Therefore, PGAC respectfully seeks a judgment declaring that Butler's failure to pay the initial down-payment required to secure coverage under The Policy renders The Policy null and void from its inception and that PGAC has no duty to pay Lakeside Ford any amounts as a result of the two (2) aforementioned accidents resulting in property damages and/or total losses of the 2019 Ford Fiesta and 2019 Ford Fusion Hybrid pursuant to the express terms of The Policy.

## COUNT II – DECLARATORY JUDGMENT
## (BRANDON L. BUTLER)

35. The above and foregoing allegations are reasserted and re-alleged as though fully set forth herein.

36. An actual controversy has arisen between PGAC and Butler regarding their respective rights and obligations under The Policy and whether The Policy was ever in effect and/or provides coverage for any injuries or damages sustained by any party, whether known or unknown, as a result of the accidents on November 7, 2020, and December 7, 2020.

37. PGAC has disclaimed coverage to Butler in connection with the accidents on November 7, 2020, and December 7, 2020, denying any duty to defend or indemnify Butler under The Policy on the basis that The Policy was rendered null and void from its inception on November 6, 2020, as a result of Butler's failure to make the initial down-payment required to secure coverage under The Policy.

38. As of the date of this pleading, the statutes of limitation relating to any and all claims that could be made by any party, whether known or unknown, for bodily injury and/or property damages arising out of the two (2) aforementioned motor vehicle accidents have not expired.

39. Accordingly, PGAC respectfully seeks a judgment declaring that PGAC is not obligated by The Policy to provide any insurance coverage or to defend Butler in any action relating to the accidents of November 7, 2020, and December 7, 2020, because The Policy was not in effect at the time of either accident.

**WHEREFORE, PREMISES CONSIDERED,** Permanent General Assurance Corporation respectfully requests as follows:

a)   The Court declare the rights and obligations of each of the parties with regard to the dispute(s);

b)   The Court declare that The Policy issued by Permanent General Assurance Corporation was rendered null and void from its inception on November 6, 2020;

c)   The Court declare that The Policy issued by Permanent General Assurance Corporation was not in force at the time of the described accidents;

d)   The Court declare that Permanent General Assurance Corporation is under no duty to make any payments to Ferriday Auto Ventures, LLC d/b/a Lakeside Ford, as a loss payee, for the value of the 2019 Ford Fiesta and 2019 Ford Fusion Hybrid that were declared total losses as a result of the accidents on November 7, 2020, and December 7, 2020;

e)   The Court declare that Permanent General Assurance Corporation is under no duty to defend Brandon L. Butler, or to indemnify him from loss or damages claimed by any person, whether known or unknown, relating to the motor vehicle accidents on November 7, 2020, and December 7, 2020;

f)   The Court grant Permanent General Assurance Corporation such other and further relief at law or equity as the Court deems just and appropriate.

**THIS** the 7th day of April, 2022.

Respectfully submitted,

**PERMANENT GENERAL ASSURANCE CORPORATION,**
Plaintiff

By:   ANDERSON CRAWLEY & BURKE, PLLC
Its Attorneys

By:   _____
Thomas M. Wright, MSB No. 103166
R. Davis House, MSB NO. 105315

**OF COUNSEL:**

Thomas M. Wright, MSB No. 103166
R. Davis House, MSB No. 105315
ANDERSON CRAWLEY & BURKE, PLLC
Post Office Box 2540
Ridgeland, MS 39158
Telephone: (601) 707-8800
Facsimile: (601) 707-8801
Email: twright@acblaw.com
       dhouse@acblaw.com